UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re

JOHN E. CREIGHTON,

                Debtor

Chapter 7
Case No. 06-13333-RS

**MEMORANDUM OF DECISION ON
MOTION TO RECONSIDER ORDERS**

      Creditor Cab East LLC filed motions to approve two stipulations between itself and the chapter 7 debtor, John E. Creighton, under which stipulations the debtor would assume two prepetition vehicle lease agreements and "waive the effect, if any, the discharge under 11 U.S.C. § 524(a) has as to the assumed Lease Agreement[s]." The motions and stipulations were accompanied by lease assumption agreements, but, in numerous respects, these did not conform to the requirements of 11 U.S.C. § 524 as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).[1] When no objection was filed, the Court, acting without a hearing, entered the following order on each motion: "The Debtor may assume the lease. However, the Debtor will not be deemed to have assumed the lease until completion of, filing, and (if necessary) approval of a reaffirmation agreement in conformity with the requirements of 11 U.S.C. § 524. Section 365(p)(2) is intended to permit a debtor to exercise a right that would otherwise be limited to the trustee; it is not intended to supplant the procedures and requirements of § 524 as to reaffirmation of a debt." Cab East timely moved for reconsideration of the requirement in each order of a reaffirmation agreement. Because that requirement had been made part of the orders without Cab East's having been heard on the issue, the Court now reconsiders the orders in light of arguments advanced by Cab East against the

---

[1] Cab East does not contend otherwise.

necessity of a reaffirmation agreement for a debtor's assumption of a lease under 11 U.S.C. § 365(p)(2).  However, upon reconsideration, and for the reasons set forth below, the Court will not alter the orders entered.

**Discussion**

Prior to BAPCPA's amendment of the Bankruptcy Code in 2005, the power to assume a lease in a Chapter 7 case was given only to the trustee.  See 11 U.S.C. § 365(a) ("the trustee, subject to the court's approval, may assume or reject and executory contract or unexpired lease of the debtor").  If the trustee did not exercise the right of assumption as to a particular lease, a chapter 7 debtor was free to enter into a reaffirmation agreement as to his or her obligations under that lease (provided the lessor agreed), but "assumption" was not an option for the chapter 7 debtor.

By definition, assumption by the debtor could not have been an option because "assumption" was and is "[t]he undertaking or adoption of a debt or obligation primarily *resting upon another*."  Blacks Law Dictionary 123 (6th ed. 1990).[2]  When a trustee—or a debtor in possession, exercising the powers of the trustee as estate representative—assumed a debt, the estate, a stranger to the original agreement, adopted the debtor's obligation under that agreement.[3]  The very concept of assumption by a chapter 7 debtor was an oxymoron.

---

[2] The Bankruptcy Code does not define assumption.

[3] In Chapters 11 and 12, a debtor in possession exercising the powers of a trustee pursuant to § 1107(a) or § 1203 could assume a prepetition lease of the debtor.  In those instances, the debtor was acting as representative of the estate.  In Chapter 13, a debtor was not expressly granted the trustee's powers of assumption under § 365, but § 1322(b)(7) stated that "a plan may, subject to section 365 of this title, provide for the assumption . . . of any executory contract or unexpired lease of the debtor not previously rejected under such section."  Only a debtor could file a chapter 13 plan, so courts concluded that a chapter 13 debtor could, despite the absence of

2

Undeterred by linguistic convention, Congress, through BAPCPA, has now amended the Bankruptcy Code with 11 U.S.C. § 365(p)(2) to permit those chapter 7 debtors who are individuals to "assume" leases of personal property.  The new subsection provides as follows:

> (2)(A)  If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
> (B)  If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
>
> (C)  The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

11 U.S.C. § 365(p)(2).  The new subsection permits an individual debtor to appropriate for his own benefit an asset—namely, the debtor's bundle of rights under an unexpired prepetition lease of personal property—to which the trustee and estate previously had, in essence, a right of first refusal.  11 U.S.C. § 365(p)(2)(B) (permitting assumption "by the debtor and not by the estate").  It specifies the manner in which such "assumption" may be negotiated, requiring initiation by the debtor, response from the lender, and final acceptance by the debtor.  11 U.S.C. § 365(p)(2)(A).  It conditions the debtor's right of assumption on the lessor's agreement to such assumption.[4]  *Id.*

---

express authority, exercise a trustee's power of assumption under § 365.  Even here, however, the debtor exercised the right of assumption as a debtor in possession, and therefore on behalf of the estate.  See 11 U.S.C. § 1306(b) ("Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.").  See Keith M. Lundin, Chapter 13 Bankruptcy 3d ed. §56.1 (2000 & Supp. 2004).

[4]The trustee's right of assumption under § 365(a)(1) is not conditioned on the lessor's agreement.

3

Curiously, it states in subsection (B) that when the debtor notifies the lessor in writing that the lease is assumed, "the liability under the lease *will be* assumed by the debtor and not by the estate," 11 U.S.C. § 365(p)(2)(B) (emphasis added), suggesting that something further is necessary to complete the assumption but not specifying what that may be. And it creates limited exceptions to the automatic stay and the discharge injunction for the lessor's notification of the debtor and negotiation of cure under § 365(p)(2). 11 U.S.C. § 365(p)(2)(C). Notably, these exceptions from the automatic stay and discharge injunction do not encompass—at least not expressly—the lessor's enforcement of the assumed obligation.

An agreement to assume that is negotiated by a chapter 7 debtor and a lessor is a postpetition agreement. Cab East suggests that such an agreement is not subject to the discharge injunction for two reasons: (1) assumption creates an administrative expense claim, and administrative expense claims are not subject to discharge; and (2) the assumption agreement converts a prepetition liability into a postpetition liability, and postpetition liabilities, as such, are not subject to discharge. These contentions do not withstand scrutiny.

First, administrative expense claims are not subject to discharge because they are obligations of the estate, not (per se) obligations of the debtor. It is irrelevant that an obligation of the estate is not subject to discharge. The issue here is whether a postpetition obligation of the debtor—the obligation resurrected by the debtor's assumption of the prepetition lease—is discharged. The fact that that obligation may also constitute an administrative expense claim against the estate does not answer the question.[5]

---

[5]Moreover, assumption by a trustee in bankruptcy or a debtor in possession gives rise to an administrative claim because it is an action by the estate representative. A chapter 7 debtor, however, is not an estate representative and, when he or she exercises the right of assumption under 365(p)(2), does not act on behalf of or for the benefit of the estate. Therefore, although I need not decide the issue now, I doubt that assumption by a chapter 7 debtor under § 365(p)(2)

4

Second, assumption does not automatically except a debt from discharge. When a chapter 7 trustee assumes a prepetition lease of the debtor, the estate becomes liable on the underlying debt, but the debt is not thereby excluded from the debtor's discharge. The liability can be enforced against the estate, but where the debtor has received a discharge and the debt in question is not otherwise excepted from that discharge, the *debtor's* obligation on the assumed lease, which obligation arose prepetition, is discharged.[6]

Third, and most importantly, although debts arising postpetition are, as a general rule, not subject to a chapter 7 discharge, section 524(c) makes clear that debts arising under certain postpetition agreements are nonetheless not enforceable, and therefore are subject to the discharge, unless specified procedures are followed with respect to those agreements. This is true of any "agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title," 11 U.S.C. § 524(c), so-called "reaffirmation agreements."[7] An agreement under which a chapter 7 debtor agrees to "assume" his or her prepetition obligations under a lease of personal property is such an agreement. It is an agreement to be bound by a debt that arose prepetition, when the lease

---

therefore gives rise to an administrative expense claim. (Cab East makes no attempt to show how liability arising from assumption by a chapter 7 debtor might constitute an administrative expense within the language of 11 U.S.C. § 503 (dealing with administrative expenses). Moreover, I note that although BAPCPA amended 11 U.S.C. § 503 in several respects, it did not add language defining a chapter 7 debtor's liability under § 365(p)(2) as an administrative expense.

[6]See 11 U.S.C. § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter[.]").

[7]The term "reaffirmation agreement" is not defined by the Bankruptcy Code and does not appear in subsection 524(c). It refers to agreements to which that subsection, by its own terms, pertains: any "agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title."

was originally entered into and promises exchanged in consideration of each other, and that would otherwise and normally[8] be dischargeable.  It would thus appear that an assumption agreement negotiated and entered into under § 365(p)(2), when not otherwise excepted from discharge by § 523(a), is an agreement to which § 524(c) pertains; it is a species of reaffirmation agreement.

Cab East advances six reasons why I should resist this conclusion.  I find none persuasive.

First, Cab East points to language in § 365(p)(2)(B):  when the debtor notifies the lessor in writing that the lease is assumed, "the liability under the lease *will be* assumed by the debtor and not by the estate." 11 U.S.C. § 365(p)(2)(B) (emphasis added).  Cab East contends that the words "will be assumed" are not conditional, they do not mean "may be assumed" or "assumed subject to § 524(c)."  The Court disagrees.  As noted above, the words "will be assumed" are not final but contemplate that assumption "will" occur later, when something further happens.  Moreover, the sentence does not end with the word "assumed": the phrase reads "will be assumed by the debtor and not by the estate."  I therefore understand § 365(p)(2)(B) as resolving the preliminary issue of *who* will assume, not as dictating how and when the assumption process is completed.

Second, Cab East argues, without elaboration, that section 524 does not mention leases.  The Court assumes the reference here is to subsection 524(c).  If Cab East is arguing that § 524(c) should not be construed to apply to reaffirmations of prepetition lease obligations, I reject the argument as plainly unfounded.  Section 524(c) is categorical, applying to agreements to be

---

[8] Such a debt would be dischargeable unless cause to exclude them from discharge under one of the enumerated subsections of 11 U.S.C. § 523(a).  No such cause is cited here.

6

bound by all types of otherwise dischargeable prepetition debt, obligations on leases included.

Third, Cab East states that it is unclear whether the consideration for lease assumption is based, in whole or in part, on a debt that is dischargeable, as § 524(c) requires to bring an agreement within its purview. The consideration for assumption, says Cab East, is something different: the curing of any default and the providing of adequate assurance of future performance, as required by 11 U.S.C. § 365(b).[9] This argument, too, falters quickly. When a debtor cures a default or provides future performance, he or she is simply providing some of the consideration required by the original prepetition agreement. Plainly, at least part of the consideration of a lease assumption agreement is based on the otherwise dischargeable prepetition debt.

Fourth, Cab East states that some of the disclosures required by § 524(c)(2) and (k) as part of the reaffirmation process, notably "annual percentage rate" and "amount reaffirmed," appear incompatible with leases. Cab East does not explain the alleged incompatibility, and I see none. The disclosures required by § 524(k) are flexible enough to accommodate a wide variety of debts.

Fifth, Cab East points to the requirement in § 521(a)(2) that a debtor disclose and perform its intention—surrender, reaffirm, or redeem—with respect to consumer debts secured by property of the estate. From this Cab East reasons that the obligation to reaffirm applies only to debts secured by assets of the estate; but a lease obligation is not secured by an asset of the estate (because the leased asset belongs to the lessor); and therefore a lease assumption

---

[9]This argument assumes that § 365(b) applies to assumption by a Chapter 7 debtor under § 365(p)(2). Insofar as § 365(b) begins with the words "the trustee may not assume . . . unless," the assumption is in doubt, but I need not decide the issue here.

7

agreement is not subject to § 524(c).[10]  The Court disagrees with this logic.  The language of § 521(a)(2) establishes only that the requirements of that subsection do not apply to consumer debts that are not secured by property of the estate.  Nothing in § 521(a)(2) negates the applicability of § 524(c) to agreements, including lease assumption agreements, otherwise within its purview.

And sixth, Cab East cites § 362(h)(1),[11] which terminates the automatic stay as to certain personal property—personal property of the estate or of the debtor that secures a claim, and

---

[10]By this reading, the reaffirmation protocols would not apply to any unsecured debts.

[11]Section 362(h)(1) provides:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1).

personal property that is subject to an unexpired lease—if the debtor fails timely to file a statement of intention as to such property and to carry out the stated intention.  In particular, § 362(h)(1)(A) purports to identify a debtor's options with respect to such property:  the debtor must

> indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable[.]

11 U.S.C. § 362(h)(1)(A).  Cab East reasons that, because this list of options is phrased in the disjunctive, then a debtor must either assume a lease or enter into a reaffirmation agreement as to it.

The Court disagrees with this reasoning for several reasons.  Most importantly, it begs the question of what is involved in assuming a lease.  Assumption by a Chapter 7 debtor requires compliance with the process set forth in § 365(p)(2); in that respect, assumption is different from simple reaffirmation under § 524(c), which does not in itself require compliance with § 365(p)(2).  But nothing in § 362(h)(1)(A) indicates how assumption is to be accomplished or specifies whether or not an agreement to assume is subject to § 524(c).  If an assumption agreement is indeed a species of reaffirmation agreement, as I have held, then assumption requires compliance not only with § 365(p)(2) but also with § 524(c).[12]

---

[12]Moreover, subsection 362(h)(1) does not itself require the filing of the statement of intention; it merely specifies a consequence of failure to do so.  The statement of intention is required by § 521(a)(2).  Distressingly, the options actually offered by § 521(a)(2) differ materially from those listed in § 362(h)(1)(A).  Most notably, § 521(a)(2) applies only to consumer debts that are secured by property of the estate.  It requires no indication of intent with respect to a debtor's obligation under an unexpired lease agreement (unless the lease is secured by property of the estate).  Nor does it make assumption an option; the only options offered by §

9

It is worth noting here that, in the Bankruptcy Abuse Prevention and *Consumer Protection* Act of 2005 (emphasis added), the signature "consumer protection" was the enhancement of disclosure and review procedures relating to reaffirmation agreements. See 11 U.S.C. § 524(c)(2), (k), and (m). Congress evidently believed that debtors required more protection in the reaffirmation process than previous law had afforded them. It would be strange if, in the same act, Congress removed an entire category of reaffirmation agreements—agreements to reaffirm consumer vehicle leases, which comprise the vast majority of the leases to which § 365(p)(2) will apply—from the protections of § 524(c) for no evident reason.[13] Certainly Congress would be free to do this, but it has indicated no intention to do so, either in the statute as amended or (to my knowledge) elsewhere. An agreement to assume a lease of personal property is an "agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title," within the meaning of § 524(c). I see no reason why such an agreement is not subject to § 524(c), and I conclude that it is so subject.

---

521(a)(2) (vis-a-vis the secured creditor) are redemption of the collateral, reaffirmation of the underlying agreement, and surrender of the collateral. If a lease of personal property were secured by property of the estate (as perhaps by a security deposit), then, under § 521(a)(2), reaffirmation would be an option but assumption would not. I have no indication that the lease obligation in this case is secured, and therefore I need not address the inconsistencies between § 521(a)(2) and § 362(h)(1) or the consequences thereof. I merely point out a major difficulty in relying on § 362(h)(1) as an indicator of legislative intent with respect whether an assumption agreement is subject to § 524(c).

[13]In agreeing to assume a lease of automobile, a debtor requires the protections of § 524(c) no less than when a debtor reaffirms a automobile loan.

Accordingly, the Motion of Cab East for Reconsideration is denied. A separate order will enter accordingly.

Date: February 16, 2007

/s/ Robert Somma

Robert Somma
United States Bankruptcy Judge

cc: Mitchell J. Levine, Esq., for Cab East LLC
Richard S. Ravosa, Esq., for Debtor
Mark DeGiacomo, Esq., Chapter 7 Trustee